IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MARIELENA P., on behalf
of E.C.P.,

        Plaintiff,

    v.                       Civil Action No.
                                 5:18-CV-190 (DEP)

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.


_____


APPEARANCES:               OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP      HOWARD D. OLINSKY, ESQ.
300 S. State Street          ANDREW A. FLEMMING, ESQ.
Suite 420
Syracuse, New York 13202


FOR DEFENDANT

HON. GRANT C. JAQUITH     SERGEI ADEN, ESQ.
United States Attorney        Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on January 11, 2019, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Acting Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1)      Defendant's motion for judgment on the pleadings is GRANTED.

2)      The Acting Commissioner's determination that E.C.P. was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3)      The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:      January 14, 2019
            Syracuse, NY

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
MARIELENA P., on behalf of E.C.P.,

                              Plaintiff,

vs.                              5:18-CV-190

NANCY A. BERRYHILL, Acting Commissioner of
Social Security,

                              Defendant.

-------------------------------------------x

        Transcript of a **Decision** held during a

Telephone Conference on January 11, 2019, at the

James Hanley Federal Building, 100 South Clinton

Street, Syracuse, New York, the HONORABLE DAVID E.

PEEBLES, United States Magistrate Judge, Presiding.

              A P P E A R A N C E S

              (By Telephone)

For Plaintiff:      OLINSKY LAW GROUP
                    Attorneys at Law
                    300 S. State Street
                    Suite 420
                    Syracuse, New York  13202
                      BY:  ANDREW FLEMMING, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of Regional General Counsel
                    Region II
                    26 Federal Plaza - Room 3904
                    New York, New York  10278
                      BY:  SERGEI ADEN, ESQ.

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1          (In Chambers, Counsel present by telephone.)

2          THE COURT:  All right.  I'll have to let that be

3   the last word.  I have before me a request for judicial

4   review of an adverse determination by the Acting Commissioner

5   pursuant to 42 United States Code Sections 405(g) and

6   1383(c)(3).

7          The background is as follows:  Plaintiff was born

8   in June 2009.  When I refer to plaintiff, I'll refer to ECP,

9   the infant on whose behalf this matter is brought.  ECP was

10  almost five years old at the time of application for benefits

11  and seven at the time of the administrative law judge's

12  decision.  He stands, or did at the time of the hearing, 4

13  foot and weighed 65 pounds.  He is right-handed.  At the time

14  of the hearing plaintiff was attending first grade at the

15  Fulton City School District.  His teacher was Caitlin Besio.

16  He is in regular classes but does receive speech therapy.  He

17  does his homework, according to his mother, and he also does

18  household chores.

19          ECP was evaluated early on and identified as a

20  child disabled.  In November of 2012 there was an IEP, or

21  individualized educational plan, prescribed for him.  There

22  is another IEP in the record from September 2015 and from

23  January 7, 2016.  ECP has been diagnosed as having attention

24  deficit and hyperactivity disorder, or ADHD, by Upstate

25  Pediatrics where he treated with Dr. Derek Gorski from

January 2013 until October 2014, and Dr. Jaclyn Sisskind from March 15 forward. He was first suspected of ADHD in November of 2013, that's at 366 and 386 of the record. The diagnosis was made in April of 2014 by Dr. Gorski at which time he was begun on a low dose of Concerta, that's at 368 and 388 of the administrative transcript. On March 6, 2015, his medication was discontinued and he was begun on Ritalin, that's at 392. He did take a break from the Ritalin at his mother's suggestion during the summer 2015, that's at 395. Aside from his ADHD, it appears that ECP is a healthy young boy physically. In terms of his activities of daily living, he watches television, plays with toys, plays video games, and is generally a typical boy of that age.

Procedurally, plaintiff applied for benefits on behalf of ECP on May 13, 2014. A hearing was conducted by Administrative Law Judge Paul Greenberg on April 6, 2016 to address that application. ALJ Greenberg issued an unfavorable decision on November 16, 2016. That became a final determination of the agency on December 12, 2017 when the Social Security Administration Appeals Council denied plaintiff's application for review.

In his decision, ALJ Greenberg applied the four-step sequential test for determining childhood disability.

At step one, he concluded that the plaintiff had

1    not engaged in substantial gainful activity since the date of

2    the application.

3            At step two he determined that ECP suffers from a

4    severe impairment, namely ADHD, and noted that none others

5    were alleged in support of the application.

6            At step three, Administrative Law Judge Greenberg

7    concluded that plaintiff's condition did not meet or

8    medically equal any of the listed presumptively disabling

9    conditions set forth in the Commissioner's regulations,

10   specifically considering Rule 12.11 -- or Listing 12.11.

11           He then proceeded to determine whether there was

12   functional equivalence of the listing, and considered the six

13   domain areas that are required under the regulations,

14   concluding that in the domain of acquiring and using

15   information, ECP suffered from a less than marked limitation;

16   similarly, in the domain of attending and completing tasks, a

17   less than marked limitation; in interacting with and relating

18   to others, a less than marked limitation; and no limitation

19   in moving about and manipulating objects; in caring for self

20   he concluded there was a less than marked limitation; and no

21   limitation in terms of health and well-being, and therefore

22   concluded that the -- that ECP was not disabled at the

23   relevant times.

24           As you know, my task is limited and the standard

25   that I apply is extremely deferential.  I must determine

1    whether correct legal principles were applied and the

2    determination is supported by substantial evidence.

3         The, by regulation, the agency has prescribed an

4    evaluative -- sequential evaluative process to be employed in

5    determining whether a child can meet the statutory definition

6    of disability.  At step one, of course, the administrative

7    law judge determines whether the child has engaged in

8    substantial gainful activity.  If not, he or she proceeds to

9    step two and determines whether the child suffers from one or

10   more medically determinable impairments that either singly or

11   in combination are properly regarded as severe, in that they

12   cause more than a minimal functional limitation.

13        After determining at step two that there is such a

14   severe impairment, the focus is then on whether the condition

15   either medically equals or is the functional equivalent of a

16   listed disability, specifically considering the six domains

17   that I referenced earlier, and determining whether there is

18   one finding of an extreme limitation, or two or more of

19   marked limitations.

20        The term -- the focus in this case is on the two

21   domains of attending and completing tasks and acquiring and

22   using information.  Plaintiff alleges, referring to, among

23   other things, Dr. Sisskind's opinions that plaintiff does

24   suffer from marked limitations in those two.  The definition

25   of marked is set forth in 20 C.F.R. Section 416.926a, and it

states that, we will find that you have a marked limitation in a domain when your impairment interferes seriously with your ability to independently initiate, sustain, and complete activities. Your day-to-day functioning may be seriously limited when your impairment limits only one activity or when the interactive and cumulative effects of your impairments limit several activities. Marked limitation also means limitation that is more than moderate, but less than extreme. It is the equivalent of a functioning we would expect to find on standardizing -- standardized testing with scores that are at least two but less than three standard deviations below the mean.

As the Commissioner's counsel has noted, at least one court has stated that that would be the equivalent of the bottom 2.3 percent of the population. That was observed in *McClain v. Barnhart* at 299 F.Supp.2d 309 from the Southern District of New York in 2004.

In terms of attending and completing tasks, both the regulations and Social Security Ruling 09-4p addressed that domain. That domain considers how well the plaintiff is able to focus and maintain attention, how well he or she begins, carries through, and finishes activities, including the pace at which he or she performs activities, and the ease with which they are changed. The regulations and the Social Security Ruling go on to address examples for both preschool

1  children age 3 to 6 and school-age children 6 to 12, as the

2  administrative law judge noted, ECP in this case straddled

3  those two areas over the time -- the relevant time.

4       In this case, on -- while on Concerta, the evidence

5  showed that his attention, focus, and school performance

6  improved, that's at 369, 389, and 390 of the administrative

7  transcript.  It was noted that his symptoms were well

8  controlled, that's at 369, 379, 389, and 372.  On Ritalin,

9  similarly his attention to focus and school performance

10 improved according to treatment notes at 393 and 394.  There

11 was an indication that his condition was -- his symptoms were

12 moderately controlled, that's at 392, 393, and 394, and his

13 mother indicated that she was overall pleased on June 10,

14 2015, that's at 394.

15      There is clearly a conflict of evidence in this

16 case.  The opinions of teacher Besio and Dr. Sisskind on the

17 one hand would seem to support more serious limitations in

18 this domain and in the other domain of acquiring and using

19 information.  On the other hand, Dr. Gorski's opinion and to

20 a very limited degree Dr. Ganesh, as well as Dr. Randall who

21 reviewed not only Dr. Ganesh's report but treatment records,

22 seemed to support the administrative law judge's decision.

23 It is the administrative law judge's responsibility to weigh

24 conflicting evidence, and the result stands if the evidence

25 can reasonably support different conclusions, including the

1    one reached.  To overturn the administrative law judge, I

2    would have to find that no rational fact finder could weigh

3    this conflicting evidence and determine that there was no

4    marked limitation in the two domain areas at issue.

5           I note also that plaintiff's report cards, or ECP's

6    report cards I should say, show generally good grades,

7    satisfactory effort in regular education classes.  2014-2015,

8    he was only slightly below standards but he received only one

9    unsatisfactory rating in one of four quarters, that's at 260,

10   261.  Similarly, for 2015, the beginning, first quarter of

11   2015-2016 school year, good grades and positive, generally

12   positive comments, 255 to 256.  There's also a psychological

13   observation from December 21, 2015 which noted that, among

14   other things, that ECP was found to be on task 97 percent of

15   the time, that's at page 292, and that compared favorably to

16   one of his peers who was on task only 90 percent of the time.

17          In this case, I've reviewed the record and although

18   I question why Dr. Ganesh was assigned to perform the

19   consultative exam when we're dealing really with an ADHD and

20   more of a psychological than a physical issue, nonetheless I

21   don't find any evidentiary gaps in the record.

22          I do find the administrative law judge's decision

23   resulted from the application of correct legal principles and

24   is supported by substantial evidence.  I will therefore grant

25   judgment on the pleadings to the defendant, dismissing

1  plaintiff's complaint and upholding the Commissioner's

2  determination.

3          Thank you both for excellent spirited arguments,

4  this was an interesting case, I enjoyed working on it.  I

5  hope you have a good day.

6          MR. FLEMMING:  Thank you, your Honor.

7          MR. ADEN:  Thank you, your Honor.

8              (Proceedings Adjourned, 10:34 a.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4        I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

 5   Official Realtime Court Reporter, in and for the

 6   United States District Court for the Northern

 7   District of New York, DO HEREBY CERTIFY that

 8   pursuant to Section 753, Title 28, United States

 9   Code, that the foregoing is a true and correct

10   transcript of the stenographically reported

11   proceedings held in the above-entitled matter and

12   that the transcript page format is in conformance

13   with the regulations of the Judicial Conference of

14   the United States.

15

16                  Dated this 11th day of January, 2019.

17

18

19                       /S/ JODI L. HIBBARD

20                       JODI L. HIBBARD, RPR, CRR, CSR
                         Official U.S. Court Reporter
21

22

23

24

25
```